## HOUSING

**CONDOMINIUMS – FREEDOM OF RELIGION – PREEMPTION PROPOSED BALTIMORE CITY ORDINANCE CONCERNING REASONABLE ACCOMMODATION OF RELIGIOUS PRACTICES NOT PREEMPTED BY STATE OR FEDERAL LAW**

October 23, 2007

*The Honorable Stephanie Rawlings-Blake*
*Baltimore City Council President*

You have requested an opinion on a number of questions relating to City Council Bill 07-0648 - *Ordinance–Multiple-Family Dwellings, First Amendment Accommodations*:

1. Does existing Federal and/or Maryland State law already provide for "reasonable accommodation for religious practices" in multiple-family dwellings, including condominiums?

2. If existing law does not provide for these protections, is it within the authority of the Baltimore City Council to provide for these protections as written in City Council Bill 07-0648?

3. If so, what language do you suggest we use to define "reasonable accommodations?"

City Solicitor George A. Nilson recently answered these questions in a legal opinion, a copy of which is attached. The City Solicitor concluded that: (1) the proposed ordinance would not be preempted by existing federal and State fair housing laws or the Maryland Condominium Act; (2) it is a proper exercise of the City Council's legislative authority to enact a fair housing law designed to prohibit discrimination based on religion and to ensure reasonable accommodations for the free exercise of religious practices; and (3) "reasonable accommodation" should be defined as "modest, affirmative steps that do not pose an undue financial hardship or

substantial burden." We have reviewed the City Solicitor's letter and agree with its conclusions.[1]

Douglas F. Gansler
*Attorney General*

Mark J. Davis
*Assistant Attorney General*

Robert N. McDonald
*Chief Counsel*
  *Opinions and Advice*

---

## CITY OF BALTIMORE     DEPARTMENT OF LAW

**SHEILA DIXON, MAYOR**     **GEORGE A. NILSON**
                                         **CITY SOLICITOR**
                                         **101 City Hall**
                                         **Baltimore, Maryland 21202**

---

August 30, 2007

The Honorable Stephanie Rawlings-Blake, President
Baltimore City Council
Attn: Karen Randle, Executive Secretary
Room 409, City Hall
Baltimore, Maryland 21202

> Re: City Council Bill 07-0648 - Multiple Family Dwellings - First Amendment Accommodations

Dear President Rawlings-Blake,

You have asked the Law Department for a legal opinion on the following questions:

---

[1] Given the scope of your request, we have not considered the status of the proposed ordinance under the Establishment Clause of the United States Constitution, which we understand was previously addressed by the City Solicitor's Office.

1)    Does existing Federal and/or Maryland State law already provide for "reasonable accommodation for religious practices" in multiple-family dwellings, including condominiums?

2)    If existing law does not provide for these protections, is it within the authority of the Baltimore City Council to provide for these protections as written in City Council Bill 07-0648?

3)    If so, what language do you suggest we use to define "reasonable accommodations?"

The Law Department's opinion is that:

1)    Existing federal and state laws do not currently provide for reasonable accommodations for religious practices in multiple-family dwellings, and City Council Bill 07-0648 would not be preempted .

2)    Enactment of the bill would be a proper exercise of the City Council's legislative authority.

3)    "Reasonable accommodation" should be defined in the bill as. "modest, affirmative steps that do not pose undue financial hardship or substantial burden".

## Analysis

1.    Existing Federal and Maryland Laws Do Not Provide For Reasonable Accommodations For Religious Practices in Multiple-Family Dwellings, and City Council Bill 07-0648 Would Not be Preempted

The United States and Maryland Constitutions secure certain. rights and privileges related to the free exercise of religion, but no existing federal or state laws specifically ensure reasonable accommodations for religious practices in multiple-family dwellings. Various federal and state civil rights laws provide similar protections. For example, the federal Fair Housing Act prohibits denying a handicapped buyer or renter any reasonable accommodation necessary "to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. §3604(B). Another example is Title VII of the Civil Rights Act of 1964, which requires an employer to reasonably accommodate an employee's religious practice unless such steps would cause "undue hardship on the

conduct of the employer's business." 42 U:S.C. §2000e(j). Maryland law also prohibits discriminatory practices in residential housing based on a renter or buyer's religion. Md. Ann. Code art. 49B, §19(a).

However, these laws and others do not prevent the City of Baltimore from adopting its own fair housing legislation. According to the Supreme Court, none of the provisions of Title VIII of the Civil Rights Act of 1968, including the Fair Housing Act, were intended to "pre-empt local housing ordinances or provide rights and remedies which are effective substitutes." *Hunter v. Erickson*, 393 U.S. 385, 388-89 (1969). Title VIII of the Civil -Rights Act of 1968 does not invalidate or limit any local laws that prevent discrimination in housing. 42 U.S.C. §3615. The State of Maryland's fair housing law explicitly states that municipalities are free to use their legislative authority for adopting local anti-discrimination ordinances. See Md. Ann. Code art. 49B, §38.

City Council Bill 07-0648 would not be preempted by the Maryland Condominium Act. First, the bill would not be preempted through conflict preemption, because the Condominium Act and the proposed bill do not conflict. There are no provisions in the Condominium Act addressing reasonable accommodations for religious practices in multiple-family dwellings. Secondly, the Condominium Act would not preempt the bill through express preemption, because nothing in the Condominium Act expressly preempts this type of bill; the Condominium Act only expressly prohibits cities from enacting burdens on condominiums that do not apply to similarly situated non-condominium properties. *See* Md. Code Ann., Real Prop. §11-122(b).

Finally, the bill is also not preempted by the Condominium Act through implied preemption, because the Maryland General Assembly did not intend to occupy the entire field of law related to protections of reasonable accommodations for religious practices in multiple-family dwellings. The Maryland Court of Appeals has ruled that §11-141 of the Maryland Condominium Act, which provides that the law is "in addition to and supplemental to ... any local enactment in the State" displays the General Assembly's unwillingness to completely occupy the legislative field of condominium regulation. *Rockville Grosvenor, Inc. v. Montgomery County*, 289 Md. 74, 92-93 (1980).

Therefore, while existing laws currently do not provide for reasonable accommodations for religious practices in

multiple-family dwellings, City Council Bill 07-0648 would not be preempted by federal or state law.

2. City Council Bill 07-0648 is a Proper Exercise of the Baltimore City Council's Legislative Authority.

In *Montgomery Citizens League v. Greenhalgh*, 253 Md. 151 (1969), the Court of Appeals ruled that the County Council of Montgomery County had the authority under the constitution and laws of Maryland to adopt a fair housing law that prohibited discrimination on the basis of, among other things, "religious creed." The Court in *Greenhalgh* reasoned that Montgomery County's fair housing law was a "reasonable exercise in good faith of the police power to protect the peace and good order of the community and to promote its welfare and good government" in accordance with its home rule authority. *Id.* at 162.

Like the enactment of Montgomery County's fair housing law prohibiting religious discrimination, passage of City Council Bill 07-0648 would be a legitimate use of the City's home rule authority granted by the constitution and laws of Maryland and a valid exercise of the Mayor and City Council's police power. By protecting religious freedom and ensuring reasonable accommodations for the free exercise of religious practice, the City Council bill rationally promotes the health, morals and welfare of Baltimore City citizens. Therefore, the enactment of City Council Bill 07-0648 would be properly within the Baltimore City Council's authority.

3. A Definition of "Reasonable Accommodations" Should. Be In Accordance With Federal Court Interpretations of Similar Legislative Mandates

While existing law does not provide the protections contained in City Council Bill 07-0648, federal courts have construed similar provisions mandating "reasonable accommodations" in other contexts. Specifically, courts have turned to interpretations of the Americans with Disabilities Act and the Rehabilitation Act of 1973 to define a "reasonable accommodation." *Solberg v. Majerle Management*, 388 Md. 281, 295 (2005). A determination of whether an accommodation is reasonable requires undertaking a case-by-case, highly fact-specific examination and balancing the legislative purpose against the need for "reasonable boundaries." *Id.* (internal citations and quotations omitted). Central to this analysis is "the cost and burdens of any requested accommodation." *Id.*

Following *Solberg*, "reasonable accommodation" should be defined as "modest, affirmative steps that do not pose an undue financial hardship or substantial burden." *Id.* at 297 (internal citations and quotations omitted). This "undue hardship / substantial burden" standard would be appropriate for City Council Bill 07-0648 to ensure reasonable accommodation for religious practice. (*See* attached proposed amendment.)

## Conclusion

While existing federal and Maryland laws do not currently provide for "reasonable accommodation for religious practices" in multiple-family dwellings, enactment of City Council Bill 07-0648 would be a proper exercise of the City Council's authority, and it is not preempted by federal or state law.

Very Truly yours,

George A. Nilson
City Solicitor